Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6408 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Jack Belveal and Patti Belveal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack Belveal and Patti Belveal,<br><br>Plaintiffs,<br><br>vs.<br><br>Midland Credit Management, Inc.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: '13CV0689 LAB WMC<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiffs, Jack Belveal and Patti Belveal, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Jack Belveal (hereafter "Jack"), and Patti Belveal (hereafter "Patti," and together with Jack, the "Plaintiffs"), are adult individuals residing at Madill, Oklahoma, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Midland Credit Management, Inc. (hereafter "Defendant"), is a California company with an address of 8875 Aero Drive, Suite 200, San Diego, California, 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiffs allegedly incurred a financial obligation in the approximate amount of $1,800.00 (the "Debt") to CitiBank N.A. (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Midland Engages in Harassment and Abusive Tactics

12. Within the last year, Defendants contacted Plaintiffs in an attempt to collect the Debt.

13. Midland called Jack on his cellular phone during working hours in an attempt to collect the Debt.

14. During several different conversations with Midland, Jack advised Midland that he could not accept personal calls while he was at work and requested that Midland cease calls to his cellular phone during his work hours.

15. Despite Jack's repeated requests, Midland continued to place calls to Jack's cellular phone during working hours.

16. Midland contacted Patti in an attempt to collect the Debt. Midland advised Patti that it would be willing to resolve the Debt at a discounted figure if she agreed to pay $215.00 immediately, followed by an additional payment of $1,800.00 on September 25, 2012.

17. Plaintiff advised Midland that was reluctant to agree to the terms insofar as she was unsure whether she could afford to make the second payment of $1800. Midland told Patti she could call back at any time and cancel the payment arrangement if she was unable to make the second payment.

18. Based on the assurances by Midland, Plaintiff agreed to the terms and provided Midland with her banking account information.

19. Thereafter, Patti determined she was unable to make the second payment and called Midland to advise them of the same. Beginning September 23rd to September 25th of 2012, Patti placed numerous calls to Midland and left several

voicemails advising Midland that she could not afford to make the payment and that Midland no longer had the authority to make the withdrawal.

20. Midland ignored Patti's repeated calls and messages, and on September 26, 2012, withdrew $1,800.00 from Plaintiffs' bank account. The unauthorized withdrawal caused Plaintiffs' account to drop into negative figures by over $900.00, and causing Plaintiffs to incur overdraft charges of $300.00.

21. Immediately thereafter, Patti spoke to Midland to object to the unauthorized withdrawal. Midland acknowledged that it had received her voicemail messages, but that advised Patti that Midland's manager determined that the withdrawal should be processed.

22. Plaintiff demanded a refund, but Midland insisted that it keep at least some of the funds.

23. Plaintiffs were left penniless by the unauthorized withdrawal and were desperate to have the funds returned. Thus, Patti felt coerced to agree to allow Midland to keep $200, on the condition that Midland immediately return the remaining $1,600.00 to Plaintiffs.

24. Midland agreed to return the remaining funds by October 6, 2012; however, the funds were not returned.

25. Plaintiffs made multiple follow ups to Midland, and finally was refunded the unauthorized withdrawal on October 13, 2012.

26. The unauthorized withdrawal and delayed return of the funds caused Plaintiffs much stress and great financial burden.

27. Moreover, Defendants failed to reimburse Plaintiffs for the $300.00 in overdraft charges that Plaintiffs incurred solely due to Defendants' unauthorized withdrawal of Plaintiffs' funds.

**C. Plaintiffs Suffered Actual Damages**

28. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

29. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

30. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

31. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendants contacted Plaintiffs at a place and during a time known to be inconvenient for Plaintiffs, in violation of 15 U.S.C. § 1692c(a)(1).

33. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

34. Defendants used false, deceptive, or misleading means to collect the debt, in violation of 15 U.S.C. § 1692e.

35. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

36. Defendants used an unfair and unconscionable means to collect the debt, in violation of 15 U.S.C. § 1692f.

37. The Defendants caused charges to be made to the Plaintiff, in violation of 15 U.S.C. § 1692f(5).

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

40. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

42. Midland Credit Management, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

43. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

44. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

45. The Plaintiffs is entitled to damages as a result of the Defendants' violations.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

46. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

48. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of California.

49. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

50. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiffs.

51. Plaintiffs did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

52. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of California.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiffs;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 22, 2013

By: *_/s/ Tammy Hussin_*
Tammy Hussin, Esq.
Lemberg & Associates
Attorney for Plaintiffs, Jack and Patti Belveal